

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2005

# CCI Constr Co v. Mfg Traders Trust

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"CCI Constr Co v. Mfg Traders Trust" (2005). *2005 Decisions*. Paper 1332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3117

CCI CONSTRUCTION CO.,

Appellant

v.

MANUFACTURERS AND TRADERS TRUST
COMPANY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-00015)
District Judge: Honorable Sylvia H. Rambo

Argued April 6, 2005

Before: BARRY, AMBRO and GREENBERG, <u>Circuit Judges</u>

(Filed :  April 20, 2005)

Edward I. Swichar, Esquire (Argued)
Lewis W. Schlossberg, Esquire
Robert A. Burke, Esquire
Blank Rome
One Logan Square
Philadelphia, PA   19103

        Counsel for Appellant

Lawrence J. Gebhardt, Esquire (Argued)
Ramsay M. Whitworth, Esquire
Gebhardt & Smith
401 East Pratt Street
World Trade Center, 9th Floor
Baltimore, MD   21202

      Counsel for Appellee

———————————

OPINION

———————————

AMBRO, Circuit Judge

Because we write solely for the benefit of the parties, we do not recount the facts giving rise to this appeal.  We note merely that the underlying dispute involves the alleged breach of a $4 million unsecured revolving line of credit and cash management facility and a $2 million secured equipment line of credit extended by Manufacturers & Traders Trust Company ("M&T")[1] to CCI Construction Company ("CCI").

CCI initiated this lender liability action against M&T after successfully completing a Chapter 11 bankruptcy.  The District Court entered summary judgment in favor of M&T on the basis of the Court's conclusion that because CCI failed to disclose (or pursue) M&T's alleged liability during the course of its Chapter 11 bankruptcy proceedings, it was equitably estopped from pursuing the claim after the bankruptcy.  We review the District Court's conclusion *de novo*, Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir.

--------

[1] M&T succeeded the interest of Allfirst Bank in the CCI loans through a 2003 merger.

2001), and for the reasons stated below affirm its judgment.[2]

As the District Court concluded, this case is controlled by Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988).[3]  There we held that "[i]n order to preserve the requisite reliability of disclosure statements [in bankruptcy proceedings] and to provide assurances to creditors regarding the finality of plans [of reorganization] which they have voted to approve, . . . under the facts . . . present[ed] Oneida's failure to announce [its] claim against a creditor [during its bankruptcy proceedings] preclude[d] it from litigating the cause of action . . . ."  Id. at 418.  The undisputed (or undisputable) facts before us render this case factually indistinguishable from Oneida in any material way.  Thus we reach the same result—CCI's actions make it equitably estopped from litigating lender liability claims against M&T.

There is no dispute that CCI failed to disclose its potential claim against M&T during its bankruptcy case notwithstanding that it was well aware of the significant

---

[2]  The District Court exercised subject matter jurisdiction under 28 U.S.C. § 1332.  We review its final order pursuant to 28 U.S.C. § 1291.

[3]  Oneida Motor Freight, Inc., a Chapter 11 debtor, had a pre-petition banking and lending relationship with United Jersey Bank, a secured creditor.  After United Jersey stopped honoring Oneida's checks, Oneida filed for bankruptcy.  United Jersey participated in the bankruptcy case and did not object to the plan of reorganization proposed by Oneida.  The Bankruptcy Court confirmed Oneida's plan of reorganization, which did not contain any reference to a claim by Oneida against United Jersey.  Approximately seven months after Oneida's plan was confirmed, Oneida filed an action against United Jersey alleging, *inter alia*, that United Jersey's pre-petition conduct constituted a breach of contract.  We held that Oneida was equitably estopped from pursuing this claim.

likelihood that it would pursue such a claim.[4]  <u>Oneida</u> and subsequent precedent leave no doubt of CCI's obligation to make such a disclosure.  M&T negotiated several aspects of the bankruptcy case proceedings, ultimately compromising in many (if not most) instances and voting to confirm CCI's reorganization plan under the assumption that confirmation would yield a final peace.  M&T took steps to validate this assumption; the record demonstrates that it successfully sought clarification of certain ambiguous provisions in the plan that could have been construed to preserve claims against it.  M&T voted in favor of the plan only after that clarification was secured.

On the basis of these facts, there can be no dispute that <u>Oneida</u> controls.  For the reasons described in the District Court's thorough opinion, <u>Oneida</u> demands the conclusion that CCI is equitably estopped from pursuing its claim against M&T.  We thus affirm the grant of summary judgment in favor of M&T.

---

[4]  Robert Chernicoff, CCI's bankruptcy counsel (and not with the firm that is CCI's counsel on appeal), admitted that he was aware of the facts underlaying CCI's potential lender liability claim against Allfirst *before* he filed the bankruptcy petition.  When asked why CCI did not disclose the lender liability claim during bankruptcy, he erroneously stated: "My understanding of the law is that . . . its [*sic*] not necessary to be done." <u>Oneida</u> makes clear that this type of disclosure is indeed necessary.  <u>Oneida</u>, 848 F.2d at 417 (describing debtors' "express obligation of candid disclosure" as "a critical step in the reorganization [process]" that is arguably "the pivotal concept in reorganization procedure under the Code").

4